## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; the STATE OF WEST VIRGINIA by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION; the PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION; and the COMMONWEALTH OF KENTUCKY by and through the KENTUCKY ENERGY AND ENVIRONMENT CABINET | ) ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2:14-11609 |
| ALPHA NATURAL RESOURCES, INC.; ALPHA APPALACHIA HOLDINGS, INC.; ALEX ENERGY, INC.; ALPHA PA COAL TERMINAL, LLC; AMFIRE MINING COMPANY, LLC; ARACOMA COAL CO., INC.; BANDMILL COAL CORP.; BELFRY COAL CORP.; BIG BEAR MINING CO.; BROOKS RUN MINING COMPANY, LLC; BROOKS RUN SOUTH MINING LLC; CLEAR FORK COAL CO.; CUMBERLAND COAL RESOURCES, LP; DELBARTON MINING CO.; DICKENSON-RUSSELL COAL COMPANY, LLC; DUCHESS COAL CO.; EAGLE ENERGY, INC.; ELK RUN COAL CO., INC.; EMERALD COAL RESOURCES, LP; ENTERPRISE MINING COMPANY, LLC; GOALS COAL CO.; GREYEAGLE COAL CO.; HARLAN RECLAMATION SERVICES LLC; HERNDON PROCESSING CO., LLC; HIGHLAND MINING CO.; INDEPENDENCE COAL COMPANY, INC.; JACKS BRANCH COAL CO.; KANAWHA ENERGY CO.; KEPLER PROCESSING CO., LLC; KINGSTON MINING, INC.; KINGWOOD MINING CO., LLC; KNOX CREEK COAL CORP.; LITWAR PROCESSING CO., LLC; MARFORK COAL CO.; MARTIN COUNTY COAL CORP.; NEW RIDGE MINING CO.; OMAR MINING CO.; PARAMONT COAL COMPANY VIRGINIA, LLC; PAYNTER BRANCH MINING, INC.; PEERLESS EAGLE COAL CO.; PERFORMANCE COAL CO.; PETER CAVE MINING; PIGEON CREEK PROCESSING CORP.; PIONEER FUEL CORP.; POWER MOUNTAIN COAL CO.; PREMIUM ENERGY, LLC; RAWL SALES & PROCESSING CO.; RESOURCE DEVELOPMENT, LLC; | ) ) ) ) COMPLAINT ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

RESOURCE LAND CO.; RIVERSIDE ENERGY CO., LLC;      )
ROAD FORK DEVELOPMENT CO.; ROCKSPRING              )
DEVELOPMENT, INC.; RUM CREEK COAL SALES, INC.;     )
SIDNEY COAL CO.; SPARTAN MINING CO.; STIRRAT       )
COAL CO.; SYCAMORE FUELS INC.; TENNESSEE           )
CONSOLIDATED COAL COMPANY; TRACE CREEK             )
COAL CO.; and TWIN STAR MINING, INC.              )
                                                   )
                        Defendants.                )

The United States of America ("United States"), by authority of the Attorney General of the United States and on behalf of the United States Environmental Protection Agency ("EPA"); the State of West Virginia, by and through the West Virginia Department of Environmental Protection; the Pennsylvania Department of Environmental Protection; and the Commonwealth of Kentucky, by and through the Kentucky Energy and Environment Cabinet (collectively, "Plaintiffs"), file this Complaint and allege as follows:

## INTRODUCTION

1.      This is a civil action brought pursuant to Section 309(b) and (d) of the Federal Water Pollution Control Act ("Clean Water Act" or the "CWA"), 33 U.S.C. §§ 1319(b) and (d); Section 22 of the West Virginia Water Pollution Control Act ("WPCA"), W.Va. Code § 22-11-22; Sections 601 and 605 of the Pennsylvania Clean Streams Law ("PCSL"), 35 P.S. §§ 691.601 and 691.605; and Kentucky Revised Statutes Chapter 224, Ky. Rev. Stat.§ 224.99.

2.      Plaintiffs allege that Defendants have violated Section 301 of the CWA, 33 U.S.C. § 1311; W.Va. Code § 22-11-8; 35 P.S. §§ 691.301, 691.307, 691.315; and Ky. Rev. Stat. § 224.70-110 by discharging pollutants into waters of the United States, the State of West Virginia, and the Commonwealths of Pennsylvania and Kentucky in violation of the conditions and limitations of National Pollutant Discharge Elimination System ("NPDES") permits issued

pursuant to 33 U.S.C. § 1342; W.Va. Code § 22-11-8; 35 P.S. §§ 691.307 and 691.315; and Ky. Rev. Stat. § 224.70-120.

3.     The United States and the Pennsylvania Department of Environmental Protection ("PADEP") also allege that Alpha Natural Resources, Inc. and Cumberland Coal Resources, LP have violated 33 U.S.C. § 1311 and 35 P.S. §§ 691.301, 691.307, and 691.315 by discharging pollutants into waters of the United States and the Commonwealth without an NPDES permit.

4.     Plaintiffs seek permanent injunctive relief and civil penalties against Defendants to address their illegal discharges of pollutants under 33 U.S.C. §§ 1319(b) and (d); W.Va. Code § 22-11-22; 35 P.S. §§ 691.601 and 691.605; and Ky. Rev. Stat. § 224.9.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action under Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, 1355, and 1367.

6.     Venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), as well as Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because it is the judicial district in which Defendants are located, reside, and/or are doing business, and/or in which a substantial number of the violations alleged in the Complaint occurred.

7.     Notice of commencement of this action has been given to the State of West Virginia, the Commonwealth of Pennsylvania, the Commonwealth of Kentucky, the Commonwealth of Virginia, and the State of Tennessee, in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

**DEFENDANTS**

8.      Alpha Natural Resources, Inc. is a Delaware corporation with its principal place of business at One Alpha Place, Bristol, Virginia 24202.

9.      Alpha Appalachia Holdings, Inc., formerly known as Massey Energy Company, is a Delaware corporation with its principal place of business at One Alpha Place, Bristol, Virginia 24202.

10.     Alex Energy, Inc. is a West Virginia corporation with a principal office location of 5363 Leivasy Road, Leivasy, West Virginia 26676.

11.     Alpha PA Coal Terminal, LLC is a Delaware corporation with an office location of 158 Portal Road, Waynesburg, Pennsylvania 15370.

12.     Amfire Mining Company, LLC, is a Delaware corporation with a principal office location of One Energy Place, Suite 2800, Latrobe, Pennsylvania 15660.

13.     Aracoma Coal Company, Inc. is a West Virginia corporation with an office location at Route 17 Bandmill Hollow Road, Ethel, West Virginia 25076.

14.     Bandmill Coal Corporation is a West Virginia corporation with an office location at County Route 14, Rum Creek Road, Yolyn, West Virginia 25654.

15.     Belfry Coal Corporation is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

16.     Big Bear Mining Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

17.     Brooks Run Mining Company, LLC is a West Virginia corporation with an office location at 208 Business Street, Beckley, West Virginia 25801.

18.     Brooks Run South Mining, LLC is a Delaware corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.  Prior to approximately January 6, 2014, Brooks Run South Mining, LLC was known as Cobra Natural Resources, LLC.

19.     Clear Fork Coal Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

20.     Cumberland Coal Resources, LP is a Delaware corporation with a principal office location of 855 Kirby Road, Waynesburg, Pennsylvania 15370.

21.     Delbarton Mining Company is a West Virginia corporation with an office location at State Route 65, Thunder Ridge Road, Delbarton, West Virginia 25670.

22.     Dickenson-Russell Coal Company, LLC, is a Delaware corporation with a principal office location of 7546 Gravel Lick Road, Cleveland, Virginia 24225.

23.     Duchess Coal Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

24.     Eagle Energy, Inc. is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

25.     Elk Run Coal Company, Inc. is a West Virginia corporation with an office location at 31754 Coal River Road, Sylvester, West Virginia 25193.

26.     Emerald Coal Resources, LP is a Delaware corporation with a principal office location of 2071 Garards Fort Road, Waynesburg, Pennsylvania 15370.

27.     Enterprise Mining Company, LLC is a Delaware corporation with an office location at 5703 Crutchfield Drive, Norton, Virginia 24273.

28.     Goals Coal Company is a West Virginia corporation with an office location at

Route 3, Sundial, West Virginia 25140.

29.     Green Valley Coal Company was a West Virginia corporation with an office location at Route 20, Leivasy, West Virginia 26676.  On or about December 31, 2013, Green Valley Coal Company merged with and into Alex Energy, Inc.  As a result, Alex Energy, Inc. is liable for all Clean Water Act violations committed by Green Valley Coal Company.

30.     Greyeagle Coal Company is a Kentucky corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

31.     Harlan Reclamation Services, LLC, is a Virginia corporation with an address of P.O. Box 2560, Wise, Virginia 24293.

32.     Herndon Processing Co., LLC, is a West Virginia corporation with an office location of 208 Business Street, Beckley, West Virginia 25801.

33.     Highland Mining Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

34.     Independence Coal Company, Inc. is a West Virginia corporation with an office location at 782 Robinson Creek Road, Madison, West Virginia 25130.

35.     Jacks Branch Coal Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

36.     Kanawha Energy Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

37.     Kepler Processing Co., LLC is a West Virginia corporation with an office location at 208 Business Street, Beckley, West Virginia 25801.

38.     Kingston Mining, Inc. is a West Virginia corporation with an office location of

1520 Kanawha Blvd., East Charleston, West Virginia 25311.  On or about December 30, 2013, Kingston Resources, Inc. merged with and into Kingston Mining, Inc.  As a result, Kingston Mining, Inc. is liable for all Clean Water Act violations committed by Kingston Resources, Inc.

39.     Kingwood Mining Co., LLC is a Delaware corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

40.     Knox Creek Coal Corporation is a Virginia corporation with an office location at 2295 Governor G C Peery Highway, Raven, Virginia 24639.

41.     Laurel Creek Company, Inc. was a Delaware corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.  On or about December 31, 2013, Laurel Creek Company, Inc. merged with and into Rockspring Development, Inc.  As a result, Rockspring Development, Inc. is liable for all Clean Water Act violations committed by Laurel Creek Company, Inc.

42.     Litwar Processing Co., LLC is a West Virginia corporation with an office location at 208 Business Street, Beckley, West Virginia 25801.

43.     Majestic Mining, Inc. was a Texas corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.  On or about December 30, 2013, Majestic Mining, Inc. merged with and into Nicco Corporation.  On or about December 31, 2013, Nicco Corp. merged with and into Peerless Eagle Coal Co.  As a result of these mergers, Peerless Eagle Coal Co. is liable for all Clean Water Act violations committed by Majestic Mining, Inc.

44.     Marfork Coal Company is a West Virginia corporation with an office location at Route 3 Over 1, Pettus, West Virginia 25209.

45.     Martin County Coal Corporation is a Kentucky corporation with an office location

at 3185 Middle Fork Wolf Creek Road, Inez, Kentucky 41224.

46.     New Ridge Mining Co. is a Kentucky corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

47.     Omar Mining Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

48.     Paramont Coal Company Virginia, LLC is a Delaware corporation with a principal office location of 5703 Crutchfield Drive, Norton, Virginia 24273.

49.     Paynter Branch Mining, Inc. is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

50.     Peerless Eagle Coal Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

51.     Performance Coal Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

52.     Peter Cave Mining is a Kentucky corporation with a principal office location of 115 North Big Creek Road, Sidney, Kentucky 41564.

53.     Pigeon Creek Processing Corp. is a Virginia corporation with a principal office location of 5703 Crutchfield Drive, Norton, VA 24273.

54.     Pioneer Fuel Corp. is a West Virginia corporation with an address of P.O. Box 69, Pax, West Virginia 25904.

55.     Power Mountain Coal Co. is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

56.     Premium Energy, LLC is a Delaware corporation with an address of P.O. Box

7

469, Williamson, West Virginia 25661.

57.     Rawl Sales & Processing Company is a West Virginia corporation with an office location of State Route 49 South, Lobata, West Virginia 25677.

58.     Resource Development LLC is a Virginia corporation with an office location at One Alpha Place, Bristol, Virginia 24202.  On or about December 1, 2013, Nine Mile Spur, LLC merged with and into Resource Development LLC.  As a result, Resource Development LLC is liable for all Clean Water Act violations committed by Nine Mile Spur, LLC.

59.     Resource Land Co. is a Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

60.     Riverside Energy Co., LLC, is a West Virginia corporation with an office location of 208 Business Street, Beckley, West Virginia 25801.

61.     Road Fork Development Company is a Kentucky corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

62.     Rockspring Development, Inc. is a Delaware corporation with an address of P.O. Box 390, East Lynn, West Virginia 25512.

63.     Rum Creek Coal Sales, Inc. is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

64.     Sidney Coal Company is a Kentucky corporation with an office location of 115 North Big Creek Road, Sidney, Kentucky 41564.

65.     Spartan Mining Company is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

66.     Stirrat Coal Company is a West Virginia corporation with an office location of

Route 44 South, Stirrat, West Virginia 25638.

67.     Sycamore Fuels, Inc. is a West Virginia corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

68.     Tennessee Consolidated Coal Company is a Tennessee corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

69.     Trace Creek Coal Company is a Pennsylvania corporation with a principal office location of One Alpha Place, Bristol, Virginia 24202.

70.     Twin Star Mining, Inc. is a West Virginia corporation with an address of P.O. Box 469, Williamson, West Virginia 25661.

71.     White Flame Energy, Inc. was a West Virginia corporation with an address of P.O. Box 469, Williamson, West Virginia 25661.  On or about December 31, 2013, White Flame Energy, Inc. merged with and into Premium Energy, LLC.  As a result, Premium Energy, LLC is liable for all Clean Water Act violations committed by White Flame Energy, Inc.

## STATUTORY AND REGULATORY REQUIREMENTS

### Clean Water Act

72.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" to waters of the United States, except, *inter alia*, in compliance with an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

73.     Section 402 of the CWA, 33 U.S.C. § 1342, provides that the permit-issuing authority may issue an NPDES permit that authorizes the discharge of any pollutant to waters of the United States, upon the condition that such discharge will meet all applicable requirements of

the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

74.     Section 402(a)(2) of the CWA directs the Administrator to prescribe conditions and limitations, including effluent limitations, for NPDES permits to assure compliance with the requirements of the CWA.   33 U.S.C. § 1342(a)(2); *see also* 33 U.S.C. § 1311.   Effluent limitations, as defined in Section 502(11) of the CWA, 33 U.S.C. § 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents which are discharged from point sources.

75.     Section 301(b) of the CWA, 33 U.S.C. § 1311(b), directs the Administrator to set effluent limitations for categories and classes of point sources based on the best practicable control technology or the best available technology economically achievable for such category or class.   In 1985, EPA set effluent limitations guidelines ("ELGs") for discharges from coal mining point sources.   *See* 40 C.F.R. Part 434; 50 Fed. Reg. 41296-01 (Oct. 9, 1985).   The ELGs prescribe "maximum for any 1 day" and "average of daily values for 30 consecutive days" numeric effluent limits for, *inter alia*, iron, total suspended solids, pH, and manganese. Discharges with a pH above or below the range set forth in the applicable ELGs (generally within the range of 6.0 to 9.0 at all times) are violations of the daily maximum or daily minimum limits in Defendants' NPDES permits.

76.     Section 303(a) of the CWA, 33 U.S.C. § 1313(a), requires that states adopt ambient water quality standards and establish water quality criteria for particular water bodies that will protect the designated uses of the water.   When technology-based ELGs are insufficient to keep receiving waters within those levels, the NPDES permit must include stricter water

quality based effluent limits that reflect water quality standards and criteria.  33 U.S.C. § 1311(b)(1)(C); *see also* 47 C.S.R. § 2-1, *et seq*. (West Virginia water quality standards); 25 Pa. Code Chapter 93 (Pennsylvania water quality standards); 401 Ky. Admin. Regs. § 10:1001, *et seq*. (Kentucky water quality standards); 9 Va. Admin. Code 25-260, *et seq*. (Virginia water quality standards); Tenn. Comp. R. & Regs. 1200-4-3, *et seq*. (Tennessee water quality criteria).

77.    Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

78.    Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

79.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, 69 Fed. Reg. 7121 (February 13, 2004), 74 Fed. Reg. 626 (January 7, 2009), and 40 C.F.R. § 19, EPA may seek civil penalties of up to $32,500 per day for each violation occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day for each violation occurring after January 12, 2009.

**West Virginia Pollution Control Act**

80.    At all relevant times, the State of West Virginia has been authorized by EPA to

administer an NPDES program for regulating the discharges of pollutants to navigable waters within the state's jurisdiction. 47 Fed. Reg. 22363-01 (May 24, 1982). Pursuant to W.Va. Code §§ 22-1-5, 22-1-7, and 22-11-4, the West Virginia Department of Environmental Protection ("WVDEP") is the state regulatory agency that administers the NPDES permit program in West Virginia.

81.     Section 8 of the WPCA, W.Va. Code § 22-11-8, prohibits the discharge of any pollutant by any person into waters of the State of West Virginia, except, *inter alia*, in compliance with applicable water quality standards and effluent limitations as required by a West Virginia NPDES permit issued pursuant to the WPCA.

82.     Section 22 of the WPCA, W.Va. Code § 22-11-22, authorizes WVDEP to commence a civil action for injunctive relief to compel compliance with and enjoin violations of any provision of the WPCA or any term or condition of an NPDES permit issued under the WPCA. Section 22 of the WPCA also provides that any person who violates any provision of an NPDES permit issued pursuant to Section 8 of the WPCA, W.Va. Code § 22-11-8, is subject to a civil penalty of up to $25,000 per day for each violation.

### Pennsylvania Clean Streams Law

83.     At all relevant times, the Commonwealth of Pennsylvania has been authorized by EPA to administer an NPDES program for regulating the discharges of pollutants to navigable waters within the jurisdiction of the Commonwealth. Pursuant to 25 Pa. Code Chapter 92a, PADEP is the agency that administers the NPDES permit program in Pennsylvania.

84.     Sections 301, 307, and 315 of the PCSL, 35 P.S. §§ 691.301, 691.307, and 691.315, prohibit the discharge of any pollutant by any person into waters of the Commonwealth

of Pennsylvania, except, *inter alia*, in compliance with applicable water quality standards and effluent limitations as required by a Pennsylvania NPDES permit issued pursuant to the PCSL and its implementing regulations.

85.     Section 601 of the PCSL, 35 P.S. § 691.601, authorizes PADEP to commence a civil action for injunctive relief to compel compliance with and enjoin violations of any provision of the PCSL or any term or condition of an NPDES permit issued under the PCSL.  Section 605 of the PCSL, 35 P.S. § 691.605, also provides that any person who violates any provision of an NPDES permit issued pursuant to the PCSL or its implementing regulations is subject to a civil penalty of up to $10,000 per day for each violation.

### Kentucky Revised Statutes Chapter 224

86.     At all relevant times, the Commonwealth of Kentucky has been authorized by EPA to administer an NPDES program for regulating the discharges of pollutants to navigable waters within the jurisdiction of the Commonwealth.  48 Fed. Reg. 45597-02 (Oct. 6, 1983). Pursuant to Ky. Rev. Stat. § 224.10-100(19), the Kentucky Energy and Environment Cabinet's Division of Water is the agency that administers the NPDES permit program in Kentucky.

87.     Ky. Rev Stat. § 224.70-110 prohibits discharge of any pollutant by any person into waters of the Commonwealth if such discharge violates a permit issued pursuant to Ky. Rev. Stat. § 224.70-120.

88.     Ky. Rev Stat. § 224.99-020 authorizes the Energy and Environment Cabinet to commence an action for injunctive relief or penalties against any person violating any provision of Ky. Rev. Stat. Chapter 24.   KY. Rev. Stat. § 224.99-010 provides that any person who discharges without a permit in violation of § 224.70-110 or violates a Kentucky NPDES permit

issued under § 224.70-120 is subject to a civil penalty up to $25,000 per day for each violation.

## HISTORY OF VIOLATIONS AND PREVIOUS ENFORCEMENT MATTERS

### Massey Energy Company

89.     Alpha Appalachia Holdings, Inc., previously operating under the name Massey Energy Company ("Massey"), and its subsidiaries have a long history of non-compliance with the Clean Water Act.

90.     On May 10, 2007, the United States filed a civil action against Massey and its subsidiaries for discharges of pollutants into waters of the United States in violation of Section 301 of the CWA and violations of the conditions and limitations of NPDES permits issued pursuant to Section 402 of the Act.  S.D.W.Va., 2:07-cv-0299 (Dkt. #1).  Claims against Massey and its subsidiaries included over 5,100 violations of NPDES permit effluent limitations reported in and over 250 additional violations of NPDES permit conditions and/or unpermitted water discharge-related violations.

91.     On April 9, 2008, this Court approved and entered a consent decree ("Massey CD") resolving the civil claims alleged in the complaint filed on May 10, 2007 through the date of lodging of the consent decree, January 17, 2008.  The Massey CD expressly reserves the rights of the United States to obtain penalties or injunctive relief under the Act for any civil claims not resolved by the consent decree.  S.D.W.Va., 2:07-cv-0299 (Dkt. # 62).

92.     Since entry of the Massey CD, several of Massey's subsidiaries have been subject to additional judicial actions for continuing to discharge pollutants in violation of the conditions and limitations in their NPDES permits.

93.     In April 2010, several citizen groups filed a civil action against five of Massey's

subsidiaries for violations of effluent limitations based on self-reported Discharge Monitoring Reports ("DMRs").  *Ohio Valley Environmental Coalition, et al. ("OVEC") v. Elk Run Coal Company, et al.*, S.D.W.Va., 2:10-cv-00673 (April 27, 2010).  The action was resolved on August 8, 2011, when the Court entered a consent decree among the parties.

94.    In June 2010, the same citizen groups filed another civil action against two of Massey's subsidiaries for violations of selenium limits based on the subsidiaries' self-reported DMRs.  *OVEC v. Independence Coal Company, Inc. and Jacks Branch Coal Company,* S.D. W.Va., 3:10-cv-0836 (June 17, 2010).  The action was resolved on January 24, 2012, when the Court entered a consent decree among the parties.

95.    Massey's subsidiaries have continued to discharge pollutants in violation of the conditions and limitations in their NPDES permits despite these judicial actions.

### Alpha Natural Resources

96.    Alpha Natural Resources, Inc. ("Alpha") acquired Massey Energy Company in its entirety on June 1, 2011.

97.    In addition to the aforementioned enforcement actions relating to Massey's former operations, Alpha and its non-Massey related operations also have a long history of non-compliance with the Clean Water Act.

98.    Pursuant to the WPCA, the WVDEP entered into numerous administrative consent orders and judicial consent decrees with subsidiaries currently owned by Alpha to address violations of conditions and limitations in their respective NPDES permits:

99.    On April 28, 2008, WVDEP issued the following orders to address NPDES permit violations by Alpha subsidiaries: Brooks Run Mining Company, LLC (Order No. M-08-

15

001); Cobra Natural Resources, LLC (Order No. M-08-002); Herndon Processing Company, LLC (Order No. M-08-003); Kepler Processing Company, LLC (Order No. M-08-004); Kingwood Mining Company, LLC (Order No. M-08-006); Litwar Processing Company, LLC (Order No. M-08-005); Premium Energy, LLC (Order No. M-08-008); Riverside Energy Company, LLC (Order No. M-08-009); Twin Star Mining, Inc. (Order No. M-08-010); White Flame Energy, Inc. (Order No. M-08-011).

100.    On December 17, 2008, WVDEP issued the following administrative consent orders to address NPDES permit violations: Paynter Branch Mining, Inc. (Order No. M-08-038); Pioneer Fuel Corp. (Order No. M-08-039); and Rockspring Development, Inc. (Order No. M-08-40).

101.    On January 27, 2009, WVDEP issued an administrative consent order to Laurel Creek Company, Inc. (Order No. M-08-037) to address NPDES permit violations.

102.    On December 5, 2011, the Circuit Court of McDowell County, West Virginia entered a Consent Decree between WVDEP and Alpha subsidiary Riverside Energy Company, LLC in Civil Action No. 10-C-109-S to address NPDES permit violations.

103.    On July 23, 2012, the Circuit Court of Raleigh County, West Virginia entered a Consent Decree between WVDEP and Alpha subsidiary Pioneer Fuel Corporation in Civil Action No. 10-C-462-H to address NPDES permit violations.

104.    On December 5, 2012, the Circuit Court of Wyoming County, West Virginia entered a Consent Decree between WVDEP and Alpha subsidiary Paynter Branch Mining, Inc. in Civil Action No. 10-C-97 to address NPDES permit violations.

105.    In addition, on August 13, 2012, the Energy and Environment Cabinet of the

Commonwealth of Kentucky issued an administrative order to Alpha subsidiary Enterprise Mining Co., LLC to address NPDES permit violations.

106.    Alpha's subsidiaries have continued to discharge pollutants in violation of the conditions and limitations in their NPDES permits despite these administrative and judicial actions.

### GENERAL ALLEGATIONS

107.    The Defendants named herein are "persons" within the meaning of 33 U.S.C. § 1362(5), W.Va. Code § 22-11-3(15), 35 P.S. § 691.1, and Ky. Rev. Stat. 224.01-010(17).

108.    Prior to June 1, 2011, Massey Energy Company, now Alpha Appalachia Holdings, Inc. managed, directed, and controlled environmental compliance at the facilities owned and/or operated by Alex Energy, Inc.; Aracoma Coal Co., Inc.; Bandmill Coal Corp.; Belfry Coal Corp.; Big Bear Mining Co.; Clear Fork Coal Co.; Delbarton Mining Co.; Duchess Coal Co.; Eagle Energy, Inc.; Elk Run Coal Co., Inc.; Goals Coal Co.; Green Valley Coal Co. (merged into Alex Energy, Inc. as of 12/31/2013); Greyeagle Coal Co.; Harlan Reclamation Services, LLC; Highland Mining Co.; Independence Coal Company, Inc.; Jacks Branch Coal Co.; Kanawha Energy Co.; Knox Creek Coal Corp.; Majestic Mining, Inc. (merged into Peerless Eagle Coal Co. as of 12/31/2013); Marfork Coal Co.; Martin County Coal Corp.; New Ridge Mining Co.; Nine Mile Spur, LLC (merged into Resource Development, LLC as of 12/1/2013); Omar Mining Co.; Peerless Eagle Coal Co.; Performance Coal Co.; Peter Cave Mining; Pigeon Creek Processing Corp.; Power Mountain Coal Co.; Rawl Sales & Processing Co.; Resource Land Co.; Road Fork Development Co.; Rum Creek Coal Sales, Inc.; Sidney Coal Co.; Spartan Mining Co.; Stirrat Coal Co.; Sycamore Fuels, Inc.; Tennessee Consolidated Coal Company; and Trace Creek Coal

Co. (collectively, "Legacy Massey Subsidiaries").  This included implementing a company-wide compliance approach, entering into agreements with federal regulators on its subsidiaries' behalf, controlling expenditures to address environmental issues, managing environmental consultants used at the facilities, and managing the subsidiaries' environmental compliance officers.

109.    Since June 1, 2011, Alpha has taken responsibility for the management, direction, and control of environmental compliance at the Legacy Massey Subsidiaries.

110.    At all relevant times, Alpha managed, directed, and controlled environmental compliance at the facilities owned and/or operated by Alpha PA Coal Terminal, LLC; Amfire Mining Company, LLC; Brooks Run Mining Company, LLC; Brooks Run South Mining LLC (formerly Cobra Natural Resources, LLC); Cumberland Coal Resources, LP; Dickenson-Russell Coal Company, LLC; Emerald Coal Resources, LP; Enterprise Mining Company, LLC; Herndon Processing Company, LLC; Kepler Processing Company, LLC; Kingston Resources, Inc. (merged into Kingston Mining, Inc. as of 12/31/2013); Kingwood Mining Company, LLC; Laurel Creek Company, Inc. (merged into Rockspring Development, Inc. as of 12/31/2013); Litwar Processing Company, LLC; Paramont Coal Company Virginia, LLC; Paynter Branch Mining, Inc.; Pioneer Fuel Corp.; Premium Energy, LLC; Riverside Energy Company, LLC; Rockspring Development, Inc.; Twin Star Mining, Inc.; and White Flame Energy, Inc. (merged into Premium Energy, LLC on 12/31/2013) (collectively, "Legacy Alpha Subsidiaries").

111.    Alpha's management, direction, and control over environmental compliance at the facilities owned and/or operated by Legacy Massey Subsidiaries and Legacy Alpha Subsidiaries (collectively, "Alpha Subsidiaries") includes implementing a company-wide compliance approach, conducting environmental audits of the Alpha Subsidiaries' facilities, managing

environmental consultants used at the Subsidiaries' facilities, providing direct oversight and management of environmental compliance staff, directing water treatment approaches for particular facilities, and communicating directly with state and federal regulators regarding environmental compliance issues at mining operations.

112.   At all relevant times, Alpha, Alpha Appalachia Holdings, Inc., and the Alpha Subsidiaries (collectively, "Defendants") did business in West Virginia, Kentucky, Pennsylvania, Virginia, and/or Tennessee.

113.   Defendants own and/or operate coal mining, processing, and/or shipping operations and related facilities.  As a result of their coal mining and processing operations, Defendants generate coal slurry, wastewater, and other excess materials that are, or contain, various "pollutants" as that term is defined in 33 U.S.C. § 1362(6) and 40 C.F.R. § 122.2, W.Va. Code § 22-11-3(17), 35 P.S. 691.1, and Ky. Rev. Stat. § 224.01-010(35).  These pollutants include iron, aluminum, manganese, pH, total suspended solids, osmotic pressure, and selenium. *See* Appendix A.

114.   Defendants discharge pollutants from various impoundments and settlement ponds, outlets, ditches, and other conveyances that are "point sources" within the meaning of 33 U.S.C. § 1362(14), W.Va. Code § 22-11-3(16), and 25 Pa. Code § 92a.2.  These point sources discharge into streams, rivers, and other waters of the United States, within the meaning of 33 U.S.C. § 1362(7) and 40 C.F.R. § 122.2, as well as waters of the State or Commonwealths within the meaning of W.Va. Code § 22-11-3(23), 35 P.S. § 691.1, and Ky. Rev. Stat. § 224.010(33), respectively.

115.   Watersheds in West Virginia, Pennsylvania, Kentucky, Virginia, and Tennessee

contain important plant and animal life.  These ecosystems exist in areas in which Defendants own and/or operate coal mining, processing, and/or shipping operations and related facilities. Defendants' discharges of pollutants in excess of permitted limits and Defendants' unpermitted discharges caused or have the potential to cause environmental harm and degradation to these rivers, streams, and associated aquatic ecosystems.

### Violations of NPDES Permits

116.    Defendants' coal mining operations are subject to NPDES permits issued by West Virginia, Kentucky, Pennsylvania, Virginia, and Tennessee.  The respective NPDES permits contain effluent limitations prohibiting discharges of specified pollutants in excess of numeric monthly average, daily maximum, and/or daily minimum limits.  The limitations reflect ELGs and stricter water quality-based effluent limits.

117.    These NPDES permits impose self-monitoring and self-reporting requirements, including the quarterly submission to the permitting authorities of DMRs, which summarize discharge monitoring data and indicate non-compliance with permit limits.

118.    Pursuant to the Massey CD, certain Defendants also have an obligation to submit reports to EPA on a quarterly basis that identify exceedances of effluent limitations in violation of NPDES permit requirements for the Legacy Massey Subsidiaries.

119.    Based on DMRs submitted to state permitting authorities, the reports submitted to EPA pursuant to the Massey CD, and certified information provided by Defendants in response to information requests issued by EPA pursuant to Section 308 of the CWA, 33 U.S.C. § 1318, Defendants have exceeded effluent limitations in applicable NPDES permits on at least 6,289 occasions through April 30, 2013.  The exceedance spreadsheet attached as Appendix A to this

Complaint identifies these exceedances.  Specifically, Appendix A includes at least 3,370 violations of daily minimum and daily maximum effluent limitations, and at least 2,919 violations of monthly average limitations.

120.  Each exceedance identified in Appendix A is a violation of a limitation in an NPDES permit issued under Section 402 of the Act, 33 U.S.C. § 1342.

121.  The receiving waters into which Defendants have discharged excess pollutants are identified by NPDES permit number and outlet in Appendix A to this Complaint.  Each of these receiving waters either (a) is a perennial tributary to the Ohio River, the Susquehanna River, or the Tennessee River, which are traditionally navigable waters, or (b) flows into perennial tributaries to the Ohio River, the Susquehanna River, or the Tennessee River.  *See* Appendix B.

## Unauthorized Discharges

122.  Alpha and Cumberland Coal Resources, LP (collectively, the "Cumberland Defendants") have also discharged and continue to discharge pollutants from point sources into waters of the United States and the Commonwealth of Pennsylvania without properly obtaining an NPDES permit to discharge those pollutants.

123.  The Cumberland Defendants operate the Cumberland Mine Complex, an underground mine in Waynesburg, Pennsylvania.  There are three relevant NPDES permits for the Cumberland Mine Complex: PA0013511 (the "Mine Permit"); PA0033511 (the "Refuse Area No. 1 Permit"); and PA0235440 (the "Refuse Area No. 2 Permit").

124.  The Mine Permit was originally issued on August 20, 1986 and has been renewed and revised multiple times, with the latest renewal on January 12, 2012.  During the applicable time period, the Mine Permit permitted discharges of mine water containing particular pollutants

from the underground mine and associated operations into various nearby water bodies, including Maple Run, Dyers Fork, Patterson Run, and Turkey Hollow.  During the applicable time period, the Mine Permit included a water quality based effluent limit for osmotic pressure.

125.    The Refuse Area No. 1 Permit was first issued on December 9, 1985 and has been renewed and revised multiple times, including December 2, 2004, June 26, 2006, and May 9, 2012.  During the applicable time period, the Refuse Area No. 1 Permit permitted discharges of wastewater from operations associated with the Cumberland Mine Complex coal refuse disposal area No. 1 ("Refuse Area No. 1"), including from an equalization basin that receives drainage from a large slurry impoundment.  Until the May 9, 2012 reissuance, the Refuse Area No. 1 Permit did not include a limit for osmotic pressure.

126.    Prior to the NPDES renewal process initiated by its June 9, 2010 application for renewal, the Cumberland Defendants did not include source water from the underground mining operations ("Mine Water") in any NPDES permit application for the Refuse Area No. 1 Permit.

127.    The Refuse Area No. 2 Permit was first issued on November 5, 2002 and was renewed and revised multiple times, including December 2, 2004 and March 28, 2008.  The Refuse Area No. 2 Permit permits discharges of wastewater from a sediment pond that receives drainage from a large slurry impoundment in coal refuse disposal area No. 2 ("Refuse Area No. 2").  The Refuse Area No. 2 Permit does not include a limit for osmotic pressure.

128.    Prior to its most recent application for renewal, the Cumberland Defendants did not include Mine Water in any NPDES permit application for the Refuse Area No. 2 Permit.

129.    As of the date of this Complaint, the Pennsylvania Department of Environmental Protection has not renewed the Refuse Area No. 2 Permit, so the March 28, 2008 permit remains

in effect.

130.   From approximately July 2006 until at least April 2010, the Cumberland Defendants pumped Mine Water to the slurry impoundment in Refuse Area No. 1.  The slurry impoundment discharged Mine Water to a settlement pond, which discharged Mine Water to an equalization basin, which discharged Mine Water to Whiteley Creek via Outfall 014 of the Refuse Area No. 1 Permit.

131.   In April 2010, the Cumberland Defendants began pumping Mine Water to the slurry impoundment in Refuse Area No. 2, and discharged the Mine Water in two locations. Some of the Mine Water discharged to a sediment pond and then into an unnamed tributary to Whiteley Creek via Outfall 029 of the Refuse Area No. 2 Permit.  As of the time of this Complaint, the Cumberland Defendants continue to discharge Mine Water from Outfall 029.

132.   From April 2010 to at least May 2011, the Cumberland Defendants also continued to discharge Mine Water from Outfall 014 of the Refuse Area No. 1 Permit.   During that time period, the Cumberland Defendants pumped Mine Water from the slurry impoundment in Refuse Area No. 2 back to an equalization basin in Refuse Area No. 1, which discharged from Outfall 014 into Whiteley Creek.

133.   On or about May 24, 2011, the Pennsylvania Department of Environmental Protection issued a compliance order to the Cumberland Defendants ordering the cessation of unlawful discharges of Mine Water from Outfall 014 in violation of the PCSL.

134.   The Mine Water discharged from Outfall 014 and Outfall 029 contained pollutants, including aluminum, iron, manganese, pH, total suspended solids, and osmotic pressure.

135.   As a result, from approximately July 2006 until May 2011, the Cumberland Defendants discharged an unpermitted source of pollutants from Outfall 014 into Whiteley Creek, a perennial waterway.

136.   In addition, from approximately April 2010 to the present, the Cumberland Defendants discharged and continue to discharge an unpermitted source of pollutants from Outfall 029 into an unnamed tributary to Whiteley Creek, a perennial waterway.

137.   Whiteley Creek flows to the Monongahela River, a traditionally navigable water.

**CLAIM ONE FOR RELIEF**
(Violations of NPDES Permits)

138.   Paragraphs 1-121 are realleged and incorporated by reference.

139.   During the period relevant to this Complaint, Defendants have discharged and likely will continue to discharge pollutants from point sources in excess of effluent limitations into waters of the United States, of the State of West Virginia, and/or of the Commonwealths of Pennsylvania and Kentucky.

140.   Defendants have exceeded effluent limitations contained in NPDES permits at least 3,370 times for daily effluent limitations and at least 2,919 times for monthly effluent limitations.  *See* Appendix A.

141.   For each exceedance of an effluent limitation, Defendants are in violation of Section 301 of the CWA, 42 U.S.C. § 1311, for discharging in violation of the conditions and limitations of the applicable NPDES permit under Section 402 of the CWA, 42 U.S.C. § 1342.

142.   Defendants' discharges of pollutants in excess of effluent limitations contained in the applicable NPDES permits also constitute violations of W.Va. Code § 22-11-8, 35 P.S. §§ 691.307 and 691.315, and Ky. Rev. Stat. §§ 224.70-110, 224.70-120.

143.    Unless enjoined, Defendants' violations will continue.

144.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b); Section 22 of the WPCA, W.Va. Code § 22-11-22; 35 P.S. § 691.601; and Ky. Rev. Stat. § 224.99, Defendants are liable for permanent injunctive relief.

145.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants are liable for civil penalties of up to $32,500 per day of violation for all violations occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day of violation for all violations occurring after January 12, 2009.

146.    Under W.Va. Code § 22-11-22 and Ky. Rev. Stat. § 224.99, Defendants are liable for civil penalties up to $25,000 per day for each violation.  Under 35 P.S. § 691.605, Defendants are liable for civil penalties up to $10,000 per day for each violation.

## CLAIM TWO FOR RELIEF
(Unauthorized Discharges)

147.    Paragraphs 1-115 and 122-137 are realleged and incorporated by reference.

148.    The Cumberland Defendants have discharged pollutants without a permit from point sources into waters of the United States and the Commonwealth of Pennsylvania in violation of Section 301 of the CWA, 33 U.S.C. § 1311, and Sections 301, 307, and 315 of the PCSL, 35 P.S. §§ 691.301, 691.307, and 691.315.

149.    From approximately July 2006 until at least May of 2011, the Cumberland Defendants discharged unpermitted mine water contaminated by pollutants from Outfall 014 of NPDES permit PA0033511 into Whiteley Creek.  *See* Appendix A2 at p. 112.

150.    From at least April 2010 to the present, the Cumberland Defendants have discharged unpermitted mine water contaminated by pollutants from Outfall 029 of NPDES

permit PA0235440 into an unnamed tributary to Whiteley Creek.  *See* Appendix A2 at p. 112.

151.    For every unauthorized discharge of pollutants, Defendants Alpha and Cumberland are in violation of Section 301 of the CWA, 33 U.S.C. § 1311, and Sections 301, 307, and 315 of the PCSL, 35 P.S. §§ 691.301, 691.307, and 691.315.

152.    Unless enjoined, Defendants' violations will continue.

153.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 35 P.S. § 691.601, Defendants are liable for permanent injunctive relief.

154.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants are liable for civil penalties of up to $32,500 per day of violation for all violations occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day of violation for all violations occurring after January 12, 2009.

155.    Under Section 605 of the PCSL, 35 P.S. § 691.605, Defendants are liable for civil penalties up to $10,000 per day for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America, the State of West Virginia, the Pennsylvania Department of Environmental Protection, and the Commonwealth of Kentucky respectfully pray that this Court:

1.    Permanently enjoin Defendants from discharging pollutants except as expressly authorized by the CWA and the limitations and conditions of applicable NPDES permits.

2.    Order Defendants to take all necessary steps to comply with the CWA, WPCA, PCSL, KRS Chapter 224, and the implementing regulations for those statutes, as well as with the limitations and conditions of the applicable NPDES permits.

3.      Assess civil penalties against Defendants up to $32,500 per day for each violation of the CWA that occurred between March 15, 2004 and January 12, 2009, and up to $37,500 per day for each violation of the CWA that occurred after January 12, 2009.

4.      Assess civil penalties against Defendants up to $25,000 per day for each violation under W.Va. Code § 22-11-22 and/or Ky. Rev. Stat. § 224.99, and/or up to $10,000 per day for each violation under 35 P.S. § 691.605.

5.      Grant such other relief as the Court may deem appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA


ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice


LAURA A. THOMS
STACY D. COLEMAN
Trial Attorneys, Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044

Respectfully submitted,

s

FOR THE UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

GARY L. CALL
Assistant United States Attorney
WV State Bar No. 589
P.O. Box 1713
Charleston, WV 25326
Tel: 304-345-2200
Fax: 304-347-5440
Email: gary.call@usdoj.gov

28

Respectfully submitted,

FOR THE STATE OF WEST VIRGINIA


CHARLES S. DRIVER
Counsel
West Virginia Department of Environmental Protection
601 - 57th Street
Charleston, WV 25304

Respectfully submitted,

FOR PENNSYLVANIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION


_____
MARTIN H. SOKOLOW, JR.
Regional Counsel
Office of Chief Counsel
Department of Environmental Protection
Southcentral Regional Office
909 Elmerton Avenue
Harrisburg, PA  17110-8200

Respectfully submitted,

FOR THE COMMONWEALTH OF KENTUCKY

MICHAEL HAINES
General Counsel
Energy and Environment Cabinet
500 Mero Street, 12th Floor
Frankfort, KY 40601